UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY KINCY,<br><br>           Plaintiff,<br><br>      v.<br><br>JOSIE GASTELO, et al.<br><br>           Defendants. | Case No. 2:20-cv-10159-RGK-JC<br><br>MEMORANDUM OPINION AND ORDER DISMISSING ACTION |

## I.   BACKGROUND AND SUMMARY

On April 5, 2021, Plaintiff Henry Kincy, who is proceeding *pro se*, filed the operative First Amended Complaint which he thereafter supplemented on April 22, April 23, June 1, and December 17, 2021. (Docket Nos. 19, 21, 22, 24, 42, 43). The First Amended Complaint remains pending against three defendants – Drs. Mark Kowall, Steven Sabo, and Haar Johannes – in their individual capacities. (See Docket No. 37). All three defendants have filed motions to dismiss which are currently unopposed. (Docket Nos. 59, 64, 69).

The Court, on multiple occasions, has advised plaintiff of his obligation to keep the Court apprised of his correct address and the consequences of his failure to do so. See Notice of Judge Assignment and Reference to a United States

Magistrate Judge (Docket No. 3) (advising plaintiff that he is required to notify the Court within five (5) days of any address change, and that if mail directed by the Clerk to his address of record is returned undelivered by the Post Office, and if the Court is not timely notified thereafter of his current address, the Court may dismiss the matter for want of prosecution) (citing Local Rule 83-2.5); Initial Order Re: Pro Se Civil Rights Cases (Docket No. 5) (advising plaintiff that, "[a]s long as this action is pending, plaintiff must immediately notify the Court and defense counsel if his/her address changes and promptly provide the Court with the new address and its effective date" and cautioning plaintiff that "[a]ny failure by plaintiff to provide the Court and defendants with plaintiff's current address, may result in a dismissal of the case for want of prosecution.") (citing Local Rule 41-6). Plaintiff has demonstrated his understanding of the foregoing requirement by notifying the Court of his changes of address on multiple occasions. (Docket Nos. 14, 27, 29, 41, 44).

On or about February 23, 2022, the Clerk received and filed Plaintiff's Notice of Change of Address ("February 23 Notice"), reflecting that Plaintiff's address should be updated to: 10641 Parrot Ave., Apt. R, Downey, CA 90241 ("Downey Address"). Plaintiff appears to have signed the February 23 Notice on February 23, 2022. On or about February 28, 2022, the Clerk received and filed another Plaintiff's Notice of Change of Address ("February 28 Notice"), reflecting that Plaintiff's address should be updated to: Behavioral System South/West 1831 Vine Street, Los Angeles, CA 90028 ("Los Angeles Address"). Plaintiff appears to have signed the February 28 Notice on February 9, 2022 (*i.e.*, before he signed the February 23 Notice), but the February 23 Notice is postmarked February 24, 2022 (*i.e.*, after he signed and filed the February 23 Notice). On March 10, 2022, Plaintiff filed a Notice of Submission of Documents to Clerk of Court which he appears to have signed and mailed on March 8, 2022, but which reflects that his return address is: CTF North RA "A" 146th, P.O. Box 705, Soledad, CA 93690 ("Soledad Address"). Plaintiff has not filed a notice indicating that the Soledad

Address is his current address. The docket reflects that Plaintiff's current address of record is the Los Angeles Address and all court mail (and items filed by Defendants) have been directed to Plaintiff at such address since the February 28 Notice was filed. Since Plaintiff's address of record was updated to the Los Angeles Address, multiple items of mail sent to him at such address have been returned. See e.g., Docket Nos. 53, 54, 61, 67.

In light of the history above and the returned mail, the record was unclear as to whether Plaintiff's correct address was the Downey Address, the Los Angeles Address, the Soledad Address, or some other address. Accordingly, on June 6, 2022, the Magistrate Judge issued an Order Directing Plaintiff to Notify Court of Correct Address ("June Order"), by which the court directed Plaintiff to file a Notice updating the court as to his correct address within fourteen (14) days (*i.e.*, by June 20, 2022) and directed the Clerk to send a copy thereof to the Downey Address, Los Angeles Address, and Soledad Address. (Docket No. 68). The June Order cautioned Plaintiff that the failure timely to comply with the June Order and to file a Notice updating the Court as to his correct address may result in the dismissal of this action based on Plaintiff's failure to keep the Court informed as to his address, Plaintiff's failure to comply with the June Order, and/or Plaintiff's failure to prosecute. (Docket No. 68). The copies of the June Order that were sent to the Los Angeles Address and the Soledad Address have been returned undelivered. (Docket Nos. 71-73). The copy of the June Order that was sent to the Downey Address has not been returned, but Plaintiff, to date, has not complied with the June Order and the deadline to do so expired more than a month ago.

As discussed below, this action is dismissed due to plaintiff's failure to comply with the June Order and his failure to prosecute.

**II.   DISCUSSION**

It is well-established that a district court may *sua sponte* dismiss an action where the plaintiff has failed to comply with a court order and/or unreasonably

3

failed to prosecute. See Link v. Wabash Railroad Co., 370 U.S. 626, 629-33 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.) (as amended), cert. denied, 506 U.S. 915 (1992).

In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors, namely (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders). Dismissal is appropriate under the foregoing analysis "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).

First, this Court has reviewed the June Order, agrees with it, and finds that it adequately and properly notified Plaintiff of the confusion in the record regarding his address, his obligation to update the Court regarding his address, and the consequences of failing to comply with the June Order directing him to do so.

Second, dismissal is appropriate based upon Plaintiff's failure to comply with the June Order and the failure to prosecute. The Court has considered the five factors discussed above – the public's interest in expeditious resolution of litigation, the court's need to manage its docket, the risk of prejudice to defendants, the public policy favoring disposition of cases on their merits, and the availability of less drastic alternatives. The first two factors – the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket – strongly weigh in favor of dismissal. As noted above, Plaintiff has been ordered to file a notice updating the Court as to his current address and has failed to do so, even though his deadline to do so expired more than a month ago. The third factor, risk

of prejudice to defendants, also weighs strongly in favor of dismissal. See Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976) (prejudice to defendants presumed from unreasonable delay) (citation omitted). The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein. As for the fifth factor, since plaintiff has already been cautioned of the consequences of his failure to prosecute and his failure to comply with the June Order and has been afforded the opportunity to avoid such consequences but has not responded, no sanction lesser than dismissal is feasible.

### III. ORDERS

IT IS THEREFORE ORDERED that this action is dismissed based upon plaintiff's unreasonable failure to prosecute and his failure to comply with the June Order.

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order upon Plaintiff at the Downey Address, as well as Plaintiff's current address of record.

DATED: 7/29/2022

_____
HONORABLE R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE